UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERNEST TALAMANTEZ, | § | No. 5:16–CV–012–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY SHERIFF, | § | |
| DEPUTY RIOS, DEPUTY FLORES, | § | |
| DEPUTY VILLARREAL, DEPUTY | § | |
| ROCHA, DEPUTY JOHN DOE, AND | § | |
| SGT JOHN DOE, in their official and | § | |
| individual capacities, | § | |
| | § | |
| Defendants. | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION;
(2) GRANTING MOTIONS TO DISMISS; (3) GRANTING MOTION TO
QUASH; AND (4) DENYING MOTION FOR LEAVE TO FILE A SECOND
UNDERLINE AMENDED COMPLAINT

Before the Court are six motions: (1) a Motion to Quash Service filed by the Bexar County Sheriff (Dkt. # 12); (2) a Motion to Dismiss filed by the Bexar County Sheriff (Dkt. # 13); (3) a Motion to Dismiss filed by Deputy Rocha (Dkt. # 14); (4) a Motion to Dismiss filed by Deputy Villareal (Dkt. # 15); (5) a Motion to Dismiss unknown named deputies (Dkt. # 16); and (6) a Motion for Leave to File a Second Amended Complaint by Plaintiff Ernest Talamantez ("Plaintiff" or "Talamantez") (Dkt. # 23).  On August 5, 2016, U.S. Magistrate Judge Pamela A. Mathy filed a Report and Recommendation (the "Report")

1

recommending that the Court grant all pending Motions to Dismiss, grant the Motion to Quash, and deny the Motion for Leave to File a Second Amended Complaint.  ("Report," Dkt. # 23).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of all the memoranda filed in support of and in opposition to the various motions, the Court, for the reasons that follow, **ADOPTS** the U.S. Magistrate Judge's Report, **GRANTS** the Motion to Quash, **GRANTS** the Motions to Dismiss, and **DENIES** the Motion for Leave to File a Second Amended Complaint.

<u>BACKGROUND</u>

Plaintiff is an inmate in a prison operated by the Texas Department of Criminal Justice−Criminal Institutions Division.  ("Am. Compl.," Dkt. # 5; Report at 1.)  On or about May 8, 2014, while an inmate at the Bexar County Jail, he alleges that a fight broke out between two other inmates, but that he was not involved.  (Am. Compl. ¶ 1.)  However, Plaintiff alleges that Deputy Villarreal accused him of being involved in the fight, and that he was subsequently placed in segregation and received a disciplinary notice.  (<u>Id.</u>)

The next day, Plaintiff contends that Deputy Rios interviewed him concerning his membership in the Tango Orejon gang.  (<u>Id.</u> ¶ 2.)  Plaintiff states he denied membership, and refused to sign a document admitting the same.  (<u>Id.</u>)

2

Plaintiff alleges that Deputy Rios threatened to punish him for not admitting to gang membership, and that he was subsequently moved to the "BD" dormitory where some members of the Tango Orejon gang were incarcerated.  (Id.)  While housed there, Plaintiff states he filed a grievance against Deputies Villarreal and Rios for the aforementioned allegations.  (Id. ¶ 3.)

On May 12, 2014, Plaintiff alleges he informed a prison guard that the Tango Orejon gang members wanted him removed from the "BD" dormitory cell within 48 hours.  (Am. Compl. ¶ 4.)  As a result, Plaintiff contends he met with Deputy Flores who moved Plaintiff to a new cell located in the "BC" dormitory. (Id.)  However, Plaintiff alleges that his new cell also contained Tango Orejon gang members.  (Id.)  Subsequently, Plaintiff states prison officials moved him to another cell due to plumbing issues.  While there, a disciplinary board exonerated Plaintiff for his participation in the May 8, 2014 fight, but found him guilty for possessing contraband—a water bag used for weight lifting.  (Id. ¶ 5.)

After the disciplinary hearing, Plaintiff alleges he was moved back to the "BC" dorm where Tango Orejon gang members had previously asked him to leave.  (Id. ¶ 6.)  On or about June 8, 2014, Plaintiff alleges that Tango Orejon gang members assaulted him in the showers, ending after Plaintiff pushed a panic button, and prison guards subdued the aggressors with use of a taser. (Id. ¶ 7.)  As a consequence of the assault, Plaintiff contends he suffered facial fractures that

required the placement of a metal plate in his face and damage to his vertebrae. (Am. Compl. ¶ 8.)

On January 7, 2016, Plaintiff, proceeding pro se and in forma pauperis, filed the instant action. (Dkt. # 1.) On February 1, 2016, Plaintiff filed his First Amended Complaint. (Am Compl.) In the Amended Complaint, he asserts the following causes of action: (1) a violation of his Eighth Amendment right by the Bexar County Sheriff for creating a dangerous condition in the jail; (2) deliberate indifference to the safety of Plaintiff by Deputy Rios; (3) deliberate indifference to the safety of Plaintiff by Deputy Flores; (4) deliberate indifference to the safety of Plaintiff by Deputy Villareal; (5) deliberate indifference to serious medical needs and to the safety of Plaintiff by Deputy Rocha; (6) deliberate indifference to serious medical needs and safety of Plaintiff by an unknown deputy; and (7) deliberate indifference to the safety of Plaintiff by an unknown sergeant. (Id.)

## LEGAL STANDARD

I.    Review of a Report and Recommendation

Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the

district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court

need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S.

Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright,

677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds by Douglass v.

United States Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

        The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").

## II.    Motion to Dismiss Standard

        Federal Rule of Civil Procedure 8(a) requires that a pleading include a

"short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a).  If a plaintiff fails to satisfy Rule 8(a), the opposing

party may file a motion to dismiss the claims pursuant to Federal Rule of Civil

Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6).  In analyzing a motion to dismiss for failure to state a

claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light

most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown &

Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal

Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6)

motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While

pro se complaints are held to less stringent standards than those drafted by lawyers,

"conclusory allegations or legal conclusions masquerading as factual conclusions

will not suffice to prevent a motion to dismiss."  Taylor v. Books A Million, Inc.,

296 F.3d 376, 378 (5th Cir. 2002).

<u>DISCUSSION</u>

The Magistrate Judge recommended in her Report that the Court grant

all pending motions to dismiss, grant the motion to quash, and deny the motion for

leave to file a second amended complaint.  (Report).  Plaintiff timely objected to

each recommendation.  (Dkt. # 29.)  Accordingly, the standard of review is de

novo.  See 28 U.S.C. § 636(b)(1)(C)

I.  Claim Against Bexar County Sheriff

A.  Eighth Amendment Claim

Plaintiff alleges that the Bexar County Sheriff has "created dangerous

conditions in jail in violation of [the] Eighth Amendment."  (Am. Compl. at 3.)

A lawsuit against a state official in his or her official capacity is treated as a suit against the government entity itself.  Mason v. Lafayette City-Parish Consol. Gov't, 806 F.3d 268, 279−80 (5th Cir. 2015) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)).  It is well established that a municipality like Bexar County cannot be held liable under 42 U.S.C. § 1983 solely because its employees committed a constitutional tort.  Id. at 280.  Accordingly, to state a prima facie case under § 1983 against a municipal entity, a plaintiff must allege: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the official policy or custom.  Id. (citing Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001)).  The Fifth Circuit has defined "official policy" to mean:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

Id. (citing Webster v. City of Hous., 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  However, "[i]solated violations are not the persistent, often repeated, constant violations that constitute custom and policy."  Id. (citing Webster, 735 F.2d at 841).

"The 'moving force' inquiry requires a plaintiff to make two showings: causation and culpability." Mason, 805 F.3d at 280 (citing Bd. Of Cnty Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).  Under the causation prong, "a plaintiff must show a 'direct causal connection . . . between the policy and the alleged constitutional deprivation." Id. (citing Fraire v. City of Arlington, 957 F.2d 1268, 1281 (5th Cir. 1992)).  The causal connection standard is "higher than the 'but for' causation" standard. Id.  Under the culpability prong, "if the policy is facially lawful, a plaintiff must also show that the municipality 'promulgated [the policy] with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." Id. (citing Piotrowski, 237 F.3d at 579).  A showing of heightened negligence is "insufficient to show the deliberate indifference needed to prove municipality." Id.

Plaintiff's first amended complaint fails to allege the existence of an official policy adopted by the County Sheriff.  To that extent, he fails to state a prima facie case pursuant to 42 U.S.C. § 1983.  Further, Plaintiff's allegation that "[t]he practice of placing non-gang members in housing with known gang members was common place [and] apparently done to confirm or refute a prisoner['s] status as a gang member or not," (Am. Compl. ¶ 10) is conclusory in nature and is insufficient to demonstrate a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and

promulgated policy, is so common and well settled as to constitute a custom."
Mason, 805 F.3d at 280.  His allegation of the existence of this practice and others
is insufficient to show a persistent practice among prison officials because Plaintiff
only alleges facts concerning his personal experience of being placed in a
dormitory with gang members.  He fails to allege facts indicating other instances of
prisoners being placed in gang-member dominated dormitories resulting in serious
bodily harm.  As such, he has only alleged a single incident, and "[i]solated
violations are not the persistent, often repeated, constant violations that constitute
custom and policy."  Id.

     B. Failure to Train Claim

     Plaintiff also alleges that the "Sheriff of Bexar County was aware of
the dangerous conditions of the jail and failed to take remedial action to ameliorate
the violence in the jail by street gangs."  (Am. Compl. ¶ 10.)  For a municipality to
be liable pursuant to 42 U.S.C. § 1983 for its failure to train or act, a plaintiff must
show "a deliberate indifference to the rights" of the prisoner.  See Sanders-Burns v.
City of Plano, 594 F.3d 566, 381 (5th Cir. 2010).  To show deliberate indifference,
a plaintiff must show that "in light of the duties assigned to specific officers and
employees, the need for a more or different training is obvious, and the inadequacy
so likely to result in violations of constitutional rights, that the policymakers of the
city can reasonably be said to have been deliberately indifferent to the need."  City

of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989).  "[A] showing of deliberate

indifference is difficult, although not impossible, to base on a single incident."

Gabriel v. City of Plano, 202 F.3d 741, 745 (5th Cir. 2000).  "Claims of inadequate

training generally require that the plaintiff demonstrate a pattern."  Sanders-Burns,

594 F.3d at 381.  The "single exception" is narrow and to rely on the exception "a

plaintiff must prove that the highly predictable consequence of a failure to train

would result in the specific injury suffered, and that the failure to train represented

the moving force behind the constitutional violation."  Id. (citing Davis v. City of

N. Richland Hills, 406 F.3d 375, 386 (5th Cir. 2005)).

Here, as explained above, Plaintiff has only pled factual allegations

about a single, isolated incident.  (Am. Compl. ¶¶ 1−8.)  He has failed to allege

facts demonstrating the existence of a pattern of constitutional violations that

remedial action by the Bexar County Sheriff would be necessary.  The "narrow

exception" to the single incident rule is inapplicable here because Plaintiff has

failed to plead facts sufficient to meet the causation and culpability standards

necessary to show that the Bexar County Sheriff's failure to institute remedial

action was the moving force behind his constitutional violation.  In essence,

Plaintiff's complaint amounts to no more than factual allegations about his

personal experience, and conclusory statements unsupported by factual assertions.

Taylor, 296 at 378 ("[C]onclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice to prevent a motion to dismiss."). For a similar reason, Plaintiff's Motion for Leave to File a Second Amended Complaint is futile as a matter of law because he fails to allege facts to show that any deficiency in training was the actual cause of his injury. See Valle v. City of Hous., 613 F.3d 536, 546 (5th Cir. 2010).

## II.   Claim Against Deputy Villarreal

### A.  Eighth Amendment Claim

Plaintiff alleges that Deputy Villarreal violated his Eighth Amendment rights by being deliberately indifferent to his safety. (Am. Compl. at 3.)

The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. In particular, "the Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates." Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." Id. To plead a prima facie Eighth Amendment claim, a plaintiff must allege conditions that "pos[e] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The plaintiff must also allege that "the defendant prison officials were deliberately indifferent to the inmate's health or safety." Hinojosa v. Livingston, 807 F.3d 657, 665 (5th Cir. 2015) (citing Farmer,

511 U.S. at 834.)).  "[A] prison official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety."  Id.  The Supreme Court has made clear that a prison official "knows of" an excessive risk only if (1) he is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) he must actually draw the inference.  See Adames, 331 F.3d at 512 (citing Farmer, 511 U.S. at 839−40).

Here, the Magistrate Judge concluded that Plaintiff failed to state a claim against Deputy Villarreal for deliberate indifference because he alleged no facts that Deputy Villarreal was aware of a substantial risk to Plaintiff for being placed in a dormitory with gang members.  (Dkt. # 26 at 24.)  The Court agrees. Plaintiff alleges that Deputy Villarreal "falsely accused [him] of involvement" in the May 8, 2014 fight, and that he later "filed a grievance against Deputy Villarreal" for falsely accusing him of fighting, and for threatening to place him in the BC dorm with Tango Orejon gang members.  (Am. Compl. ¶¶ 1−3.)  Other than these allegations, Plaintiff makes no other reference to Deputy Villarreal in his first amended complaint, nor does he allege that Deputy Villarreal was actually responsible for his placement in the BC dormitory with Tango Orejon gang members.  As a result, Plaintiff alleges no direct factual allegation that Deputy Villarreal knew a substantial risk of serious harm existed for Plaintiff in the BC dormitory, or of the later threats made by the Tango Orejon gang to Plaintiff.

Moreover, Plaintiff failed to allege facts "that a substantial risk of inmate attacks was longstanding, pervasive, well-documented or expressly noted by prison officials in the past" so that Deputy Villarreal "must have known" about the risk to Plaintiff. Hinojosa, 807 F.3d at 665. Accordingly, Plaintiff has failed to state a claim that Deputy Villarreal was deliberately indifferent to a substantial risk to his safety.

B. Retaliation Claim

Plaintiff also appears to allege a § 1983 retaliation claim against Deputy Villarreal for transferring him to a dormitory cell with Tango Orejon gang members after filing a grievance against him.

As a general and longstanding rule, "a prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct." Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (citing Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995)). To state a prima facie retaliation claim, a prisoner must show: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. Id. The Fifth Circuit has "held that retaliation in the form of transferring [an] inmate to a more violent section of the prison was sufficient to support a retaliation claim." Id. (citing Parker v. Carpenter, 978 F.2d 190, 192−93 (5th Cir. 1992)).

13

In the Report, the Magistrate Judge concluded that Plaintiff's retaliation claim failed due to lack of causation.  The Court agrees.  Liberally construing Plaintiff's amended complaint, he was already housed in the BC dormitory with Tango Orejon gang members when he filed a grievance against Deputy Villarreal.  Having already been placed in the BC dormitory, Deputy Villarreal could not have caused Plaintiff's placement in that cell due to the grievance.  Indeed, Plaintiff never specifically alleges that Deputy Villarreal caused him to be placed in the BC or BD cell at any point in time.  Accordingly, Plaintiff has failed to state a claim for retaliation under § 1983.

### III.   Claim Against Deputy Rocha

The Magistrate Judge concluded that Plaintiff voluntarily dismissed Deputy Rocha.  (Report at 17.)  Plaintiff agreed with the Magistrate Judge's conclusion that his claim against Deputy Rocha should be dismissed with prejudice.  Accordingly, the Court finds that the Magistrate Judge's conclusion to dismiss claims against Deputy Rocha with prejudice was correct and absent of clear error.

### IV.   Motion to Quash Service

The Bexar County Sheriff's Office has moved to quash service on Deputies Rios and Flores.  (Dkt. # 12.)  The Magistrate Judge recommends that the

Court quash service and dismiss the relevant claims without prejudice.  Plaintiff has objected, so the Court will review the recommendation de novo.

Rule 4(e) of the Federal Rules of Civil Procedure provides multiple methods for a plaintiff to complete service of process.  Under one method, a plaintiff may serve a defendant by "following state law for serving summons." Fed. R. Civ. P. 4(e)(1).  Under Texas law, a plaintiff may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  Tex. R. Civ. P. 106(a)(2).  "A return of a citation served by registered or certified mail must contain the return receipt with the addressee's signature." Id. 107(c).  "If the return receipt is not signed by the addressee, the service of process is defective." Southwestern Sec. Servs., Inc. v. Gamboa, 172 S.W.3d 90, 92 (Tex. App. 2005). Another method of serving process pursuant to Rule 4(e) is to deliver a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C).  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C., 903 F.2d 1011, 1014 (5th Cir. 1990).  "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of

knowledge of the Rules of Civil Procedure." <u>Thrasher v. City of Amarillo</u>, 709

F.3d 509, 512 (5th Cir. 2013).

On April 14, 2016, the Magistrate Judge ordered the U.S. Marshal to

serve Defendants with process.  (Dkt. # 7.)  On May 10, 2016, the U.S. Marshal

filed the return of service which showed the Bexar County Sheriff's Office

received multiple certified mailings of process.  (Dkt. # 11.)  However, no

Defendant signed any of the certified mail receipts.  Instead, the Court's review of

the return receipts show that an individual named Brenna Plate, who Defendants

aver is a mailroom employee at the Bexar County Sheriff's Office, signed all

return receipts.  (<u>Id.</u>; Dkt. # 12.)  The Magistrate Judge concluded that Defendant

had not effectuated service of process on Deputies Flores and Rios, and this Court

agrees.[1]

Under Texas law, the addressee on a certified mail receipt must sign it

to complete service of process.  Tex. R. Civ. P. 107(c).  It is undisputed that that

Deputies Rios and Flores did not sign the certified mail return receipts.  Indeed,

Deputy Rios is no longer employed by the Bexar County Sheriff's Office, and

there are thirty-five deputies with the last name "Flores" making it impossible to

determine who should receive process.  Accordingly, Plaintiff has failed to

effectuate service by "following state law for serving a summons."  Fed. R. Civ. P.

---

[1] Only Deputies Rios and Flores moved to quash service.

4(e)(1).  Further, Plaintiff has failed to meet his burden demonstrating that he has

delivered process "to an agent authorized by appointment or by law to receive

service of process."  Id. 4(e)(2)(c).  Plaintiff has neither argued nor cited to case

law that a mailroom employee is an authorized agent to receive service of process

on behalf of a municipal entity.

       In his response to the Motion to Quash Service, Plaintiff seeks a

120-day extension to properly serve Deputies Flores and Rios.  Pursuant to Federal

Rule of Civil Procedure 4(m), a court shall, after notice, dismiss a case if a

defendant is not served within 90 days after the complaint is filed, unless a plaintiff

shows good cause.  Here, Plaintiff's 90-day clock started on April 13, 2016, when

the Magistrate Judge granted Plaintiff's in forma pauperis status and directed the

Clerk to file his complaint.  (Dkt. # 6.)  That clock expired on July 12, 2016.  The

Motion to Quash was filed well before Plaintiff's clock expired, and the docket

indicates that he has made no attempt to effectuate service of process.  While a pro

se litigant will not be penalized for a mistake made by the U.S. Marshal during

service, a court may dismiss a pro se plaintiff's cause of action when the plaintiff's

own carelessness contributed to the failure of service.  Rochon v. Dawson, 828

F.2d 1107, 1109−10 (5th Cir. 1987).

       Here, there is no indication that the U.S. Marshal made a mistake.

Instead, service of process failed due to Plaintiff's carelessness because he did not

provide the full names of Deputies Flores and Rios, which made it impossible for the U.S. Marshal to do his job.  At this point, the docket reflects that 150 days have passed without any evidence that Plaintiff attempted to effectuate service on Flores and Rios, or that he engaged in any discovery towards ascertaining identifiable information as to these two Defendants that would make service possible.  As such, Plaintiff has failed to provide good cause to extend his time for service.  Indeed, in his Proposed Second Amended Complaint, Plaintiff fails to provide sufficient information to identify Deputy Flores and he has provided no information about who former Deputy Rios is or where he could now be served with process. Accordingly, the Court will adopt the Magistrate Judge's recommendation to grant the Motion to Quash Service, and will dismiss without prejudice all claims against Deputies Flores and Rios.

V.    Claims Against Unknown Deputies

Bexar County Sheriff's Office has filed an objection to the naming of "Unknown name deputy" and "Unknown Sgt. Deputy" in Plaintiff's Amended Complaint, and seeks dismissal of all claims against them.  Plaintiff claims that "Unknown name deputy" was deliberately indifferent to his serious medical needs and safety, and claims that "Unknown Sgt. Deputy" was deliberately indifferent to his safety.  (Am. Compl. at 3.)

Plaintiff makes no reference to an "Unknown name deputy" in either his Amended Complaint or Proposed Second Amended Complaint.  Since he has made no factual allegations against this individual, he has failed to state a claim against him.  Indeed, Plaintiff makes no factual allegation that anyone was deliberately indifferent to any serious medical need.  The only relevant factual allegation made about an "Unknown sgt. deputy" is the following: "while returning from medical Plaintiff told the 1st shift Sgt. on duty at the second floor that the gang members wanted Plaintiff out of their dorm, 48 hours to be precise."  (Id. ¶ 4.)  However, the following sentence states, "Plaintiff's belongings were packed up and he was taken to a holding cell."  This factual allegation demonstrates that this "Unknown sgt. deputy" took deliberate action to ensure Plaintiff's safety.  Accordingly, he fails to state a claim against this unknown individual for deliberate indifference to his safety.

VI.    Motion for Leave to File a Second Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Federal Rules permit liberal amendment of pleadings, and Rule 15(a) favors granting leave to amend.  However, "leave to amend is by no means automatic" and the "decision lies within the sound discretion of the district court."  Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999).

19

A court should consider five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  Smith v. EMC Corp, 393 F.3d 590, 595 (5th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Absent any of these factors, the leave sought should be freely given." Id.

The Court finds that the Proposed Second Amended Complaint is futile as a matter of law because it fails to state a claim upon which relief can be granted.  In the proposed complaint, Plaintiff incorporates the following allegations into his live complaint about how the Bexar County Sheriff failed to ameliorate the risks posed by gang members in the prison:

1. Failed to implement "a classification system based on safety and security concerns and assessment factors reported by individuals entering the jail";

2. "[D]id not institute a regimen of training officers to reconi[z]e and correctly respond to threats and reported threats of violence and the actual violence";

3. Failed to implement "proper Safe Prison Act and Prison Rape Elimination Act Training."

(Dkt. # 23-1.)  Even if these allegations are true, "claims of inadequate training generally require that the plaintiff demonstrate a pattern [of conduct demonstrating the need for additional training]."  Sanders-Burns, 594 F.3d at 381.  Here, the only

factual allegations about gang violence are about Plaintiff's single experience.  As mentioned earlier, Plaintiff makes no allegation of other instances of gang violence in the prison, but instead only states that such violence exists in a conclusory fashion.  <u>Taylor</u>, 296 at 378 ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  Further, Plaintiff has failed to plead any facts that the specific absence of these remedial actions was the moving force behind his injury.  As such, the Proposed Second Amended Complaint is futile as a matter of law.

CONCLUSION

For the reasons explained, the Court: (1) **ADOPTS** the Magistrate's Report (Dkt. # 26); (2) **GRANTS** the Motion to Quash Service (Dkt. # 12); (3) **GRANTS** the Bexar County Sheriff's Motion to Dismiss **WITHOUT PREJUDICE** (Dkt. # 13); (4) **GRANTS** Deputy Rocha's Motion to Dismiss **WITH PREJUDICE** (Dkt. # 14); (5) **GRANTS** Deputy Villarreal's Motion to Dismiss **WITHOUT PREJUDICE** (Dkt. # 15); (6) **SUSTAINS** Bexar County Sheriff's objection (Dkt. # 16) to the naming of unknown individuals as defendants and dismisses all claims against them **WITHOUT PREJUDICE**; and (7) **DENIES** Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. # 23).

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, September 26, 2016.

_____

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE